Bernard Ryan, P. J.
After searching study of an overextended, confused and confusing trial record, certain facts emerge into the spotlight of clarity. The State of New York, Department of Public Works, issued a permit for the blacktopping to the edge of a highway pavement. The specifications were faulty in that they did not provide for any undertiling, and did not specify any depth or any thickness of the material, nor any foundation. The State of New York’s employees did not diligently inspect the construction. The County Assistant Engineer, who, at a much later date, testified that he did not approve the installation when he observed it, admitted that he did not stop the work but permitted it to be completed. The roadside drainage was inadequate. Repeated requests to the County Assistant Engineer to open up ditches to the east were ignored. On more than one occasion the State employees ripped out the material and interfered with access to claimant’s gasoline station.
The defense here seems to be that, in reading the permit, emphasis should be placed on the word ‘ ‘ maintain ’ ’. Indeed, that was the apparent position of the County Engineer. However, his co-operation was needed. It appears that the claimant and his lessee sought it but that it was not forthcoming.
Upon the trial we expressed some doubt as to the proffered measure of damages. It is still our opinion that the claimant cannot recover herein a sum equivalent to the total of the annual rent for eight years. That was the unexpired term of the lease at the date of its cancellation. We do find and hold that the date of the agreement of cancellation tolls the running of the Statute of Limitations. This being a claim essentially in tort, and having been filed within 90 days of that date, the Attorney-General’s position that it must be dismissed on jurisdictional grounds is untenable. Although claimant’s troubles began in 1953 they were not brought to focus until the lease was cancelled. In the interim there was every attempt to negotiate an adjustment of the dispute. We apply a well-known rule on the accrual of the cause of action.
The record before us presents difficulties when we come to the assessment of damages. However, we find enough in it to exercise our function as sole trier of fact and to make an award. This we do in the amount of $5,000.